OLIVER C. HOCKMAN *et al.* v. CHARLES E. THUMA *et al.*

**No. 13,490.** ( 75 Pac. 486.)

SYLLABUS BY THE COURT.

CONVEYANCES — *Secret Equities — Grantor in Possession a Tenant by Sufferance.* Possession of real estate by the grantor in a warranty deed does not impart notice to a purchaser from the grantee of secret equities existing in favor of the person occupying the land. The possession in such case by one who has conveyed the land indicates that he is holding the premises for a temporary purpose only, as a tenant at sufferance of his grantee. (*McNeil v. Jordan*, 28 Kan. 7.)

Error from Marshall district court; SAM KIMBLE, judge. Opinion filed February 6, 1904. Affirmed.

*Glass & Polack,* and *W. W. Redmond,* for plaintiffs in error.

*Mann & Hemphill,* and *James Falloon,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. : In February, 1890, Oliver C. Hockman, an unmarried man, was the owner of 160 acres of land which he occupied with one Cynthia Yohe with whom he was living. The land was encumbered by a first mortgage to one Conrad for $1500 and interest, and by a second mortgage to one Koester for $324 and interest. For the purpose of raising money to pay these debts the plaintiff in error conveyed the land to his father, Daniel Hockman, by warranty deed, and thereafter he and his father executed to George S. Hooker a note for $2000, secured by a first mortgage on the land, and a note and second mortgage to Koester for $200. At the same time Daniel Hockman and wife, parents of Oliver C. Hockman, entered into a written

agreement with the latter to reconvey the premises to him on his payment within ten years of the two notes last mentioned, which were secured by mortgages on the land. The agreement provided for the appointment of Oliver C. Hockman as agent for Daniel Hockman, and authorized the latter to select another agent if he desired to rent the land and apply the profits to the payment of said debts. The contract was left with Charles F. Koester, a banker, for safe-keeping. It was not recorded.

On March 2, 1892, Oliver C. Hockman, who had occupied the premises since the transactions above mentioned, was arrested, and, together with his alleged wife, charged with illegal sales of intoxicating liquors, taken into custody and lodged in the county jail. On the morning of that day the house they had occupied on the farm was burned down. Hockman and the woman were convicted, and remained in custody until November 1, 1892. After the destruction of the house, there was left on the place, in a condition of abandonment, a discarded harvesting-machine, a broken plow, a metal cylinder called a feed-cooker, and a frameless grindstone.

On October 21, 1892, Charles E. Thuma bought the land from Daniel Hockman, receiving a warranty deed, in which the consideration was expressed as $3200. This consideration was made up of an assumption of the $2000 mortgage on the land and the sum of $1200, to be paid Daniel Hockman, as evidenced by three notes of $400 each. Before buying, Thuma went over the land and also inquired of Mr. Koester whether the title was good, to which question he received an affirmative answer. Thuma occupied the land through a tenant, built a house on it, and made other improvements. In January, 1901, plaintiffs in error took

Hockman v. Thuma.

forcible possession of the premises, and two months later brought an action to quiet the title. They were defeated in the court below.

There are many assignments of error, but it is sufficient to discuss only one or two of them. We have, however, given consideration to all the points raised by plaintiffs in error. As to those not mentioned we hold against them. The important question in the case is whether the possession of plaintiffs in error, as indicated by their farming implements left on the land, imparted notice to Thuma, the purchaser, of the rights of the occupant. Conceding that they were *indicia* of possession, we will treat the case as if Oliver C. Hockman, the grantor in the warranty deed to his father, had been living on the land at the time Thuma purchased.

The great weight of authority sustains the rule that when a vendor of real estate remains in possession after he has conveyed the property he will not be allowed to assert secret equities in his favor respecting the land, for by his deed he has declared to the world that he has no right to possession. In *McNeil v. Jordan*, 28 Kan. 7, 16, Chief Justice Horton, speaking for the court, said :

"A purchaser from the grantee of the party in possession need not inquire whether such party has reserved any interest in the land conveyed. So far as the purchaser is concerned, the actual occupant's deed is conclusive upon that point. The object of the law in holding possession constructive notice, is to protect the possessor from the acts of others who do not derive their title from him, not to protect him against his own acts, not to protect him against his own deed. Therefore, where a grantor executes and delivers a deed of conveyance to go upon record, he says to the world : 'Though I am yet in the possession of the premises conveyed, it is for a temporary

Seeds v. Bridge Co.

purpose, without claim of right, and merely as a tenant at sufferance of my grantee.'''

See, also, *Sellers v. Crossan*, 52 Kan. 570, 35 Pac. 205; *Groton Savings Bank v. Batty*, 30 N. J. Eq. 126, 133; *Newhall v. Pierce*, 5 Pick. 450; *Scott v. Gallagher and another*, 14 S. & R. 333, 16 Am. Dec. 508.

Counsel for plaintiffs in error contend that the possession of one Conrad was notice to Thuma of their clients' rights under the contract. The court found, upon evidence amply sufficient, that Conrad was the tenant of Daniel Hockman, the grantor of Thuma. It may be conceded that the court below erred in excluding the testimony of T. H. Polack, an attorney who had conversed with Oliver C. Hockman in the presence of his father at the county jail. The proof offered, however, concerned the unrecorded contract, of the existence of which Thuma was ignorant.

The judgment of the court below will be affirmed.

All the Justices concurring.