No. 34,190

BERTHA B. GLOVER, *Appellee,* v. HELEN BUX, *Appellant,* et al.

(90 P. 2d 1117) -

Opinion filed June 10, 1939.

*Albert M. Cole,* of Holton, for the appellant.
*E. D. Woodburn,* of Holton, for the appellee.

The opinion of the court was delivered by

Hoch, J.: This was a partition action in which the plaintiff claimed an undivided one-half interest in an eighty-acre tract. of land in Jackson county. The defendant, a sister of the plaintiff, claimed sole ownership on the ground of a voluntary division of properties theretofore made in accordance with a family agreement. The plaintiff prevailed, and defendant appeals.

Aside from the specifications of trial errors the questions presented are essentially questions of fact, which were determined by the trial court. The situation can be briefly stated. Emma A. Harrison, a resident of Jackson county, was the owner, under the will of her father, Luther M. Myers, of a life interest in two tracts of land in that county, with remainder vested in her two daughters, Bertha and Helen, plaintiff and defendant, respectively, in the present action. The first tract, which consisted of eighty acres, is designated by the parties as "the home place." The second is designated as "the sixty-seven acre tract." The second tract was traded during the mother's lifetime for an eighty-acre tract known as "the Gilliland farm." The mother, Emma A. Harrison, died intestate on December 5, 1937, leaving the two daughters, Bertha Glover and Emma Bux, as her only heirs. .At the time of the mother's death Bertha and her husband were living on the Gilliland farm, and the partition action sought to have her and her sister declared tenants-in-common of the home place, each with an undivided half-interest therein. Helen

answered with denial that her sister, Bertha, had any interest in the home place, and alleged that as a result of a family agreement and a voluntary partition, her sister Bertha had received the Gilliland farm as her share of the realty, and that she, Helen, was entitled to be declared the sole owner of the home place. Bertha denied that such an agreement and partition had been made, and alleged that she and her husband had bought and paid for the Gilliland farm. A recital in detail of the facts and circumstances alleged by the two sisters in connection with the whole matter would serve no useful purpose here. Suffice it to say that one sister testified that such a family understanding had been reached and that she joined in a deed conveying her interest in the "sixty-seven acre tract" because of the agreement, and that she did not know that her sister claimed any interest in the home place until this partition action was brought. The other sister, Bertha Glover, just as positively testified that no such agreement for division of property had been made, that she and her husband had agreed to move to the Gilliland farm, which had been taken in a trade for the sixty-seven acre tract, in order to be nearer the mother. Mr. Glover, her husband, testified that he bought the Gilliland farm, assuming a nineteen-hundred-dollar mortgage and paying the mother fifteen hundred dollars in cash. Various witnesses testified as to conversations relative to the alleged agreement for partition and to the alleged purchase of the Gilliland farm by the Glovers. After hearing the conflicting testimony the court found for the plaintiff and entered judgment to the effect that the plaintiff and the defendant were each the owners in fee simple of an undivided half interest in the home place. No special findings of fact were asked, and the general finding for the plaintiff must be considered a finding against the defendant on all essential questions of fact. It is unnecessary, therefore, to give consideration here to appellant's contentions relative to the validity and effect of voluntary partitions of property, or to appellant's prayer that a constructive trust in the property be declared in favor of the defendant. The court in effect found that there had been no voluntary partition and that the plaintiff had in fact purchased and paid for the Gilliland farm. This court has said many times that a trial court's finding of fact will not be disturbed where there is substantial evidence to support it.

Appellant contends that the court erred in excluding certain testimony offered by witness Mike Harrison, former husband of Emma

A. Harrison, and in admitting certain testimony offered by witness Claude Glover, husband of the plaintiff. Appellant complains of exclusion of the following testimony of Harrison:

"A. She (Mrs. Harrison) asked Bertha if she would be satisfied with the 67 acres to go ahead and make the trade."

. . . . . . . . . . . . . . .
"Q. State what else Bertha said. A. She said she would be satisfied with it and then mother said . . . Bertha said she would be satisfied with it."

If there was additional testimony which witness Harrison would have given, if permitted to testify further, and which the appellant considered competent and material, proper showing concerning it should have been made as provided in the code of civil procedure. (G. S. 1935, 60-3004.) The excluded testimony, as far as the record shows, was largely cumulative, and if error, its exclusion was harmless error.

The alleged error as to admission of testimony consisted of the following testimony of Glover, husband of the plaintiff:

"Q. Then what occurred? A. I bought the farm.
"Q. What did you pay for it? A. There was this $1,900 mortgage on the farm and I gave her $1,500 in cash and she stepped out of the picture."

Appellant says that the statement "I bought the farm" should have been excluded as being a conclusion of the witness. In view of the further testimony of the witness as to the terms of the alleged purchase and as to other attendant facts, we cannot say there was prejudicial error.

The judgment is affirmed.