No. 36,636

In re Estate of Charles A. Lightfoot, Deceased. (LULU E. WEST and HARRY WEST, *Appellants,* v. CLARENCE G. WILKIE, Administrator of the Estate of Charles A. Lightfoot, Deceased, *Appellee).*

(182 P. 2d 887)

W. N. CALKINS, judge. Opinion filed July 12, 1947.

*W. H. Coutts, Jr.,* of El Dorado, was on the briefs for the appellants.

*R. C. Woodward, H. Pauline Woodward* and *Fred J. Leasure,* all of El Dorado, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order and judgment of the district court sustaining motions to set aside answers of the jury to special questions, to set aside the verdict of the jury and to grant a new trial, and arises out of the following facts:

A petition for the allowance of a claim against the estate of C. A. Lightfoot, deceased, was filed in the probate court by Lulu E. West and "Harry West, Executor." (The record does not show of whose will or estate Harry West is executor.) The substance of the claim was that Lulu E. West was entitled to recover $2,508 for board furnished the decedent at one dollar per day and thirty dollars for nursing care, or a total of $2,538. Neither the abstract nor the counter abstract contains the defenses filed to the claim, but from statements made in the briefs it appears the administrator denied the existence of any contract, claimed an offset for rent furnished the claimants by the deceased and alleged the claim was barred by the statute of limitations. The record does not disclose the result in the probate court, but there was an appeal to the district court where a jury trial was had. At the trial the court refused to admit certain evidence offered by the administrator, reference being made to it later. Under instructions, to which the administrator objected in part, the jury returned a verdict in favor of both claimants for the full amount claimed and answered four special questions. The administrator filed his motions to set aside the answers to the special questions, to set aside the verdict and for a new trial. The district court heard these motions and sustained them, and the claimants appealed to this court.

In order to clarify matters hereafter mentioned, we note the following: Rebecca West Lightfoot who was the stepmother of Harry West, the husband of Lulu E. West, owned a residence in El Dorado, Kan. Before her death Lulu West came to the Lightfoot home to help care for Mrs. Lightfoot, who died in 1936, survived by her husband Charles A. Lightfoot. The residence property was set off to him as a homestead. After the death of Mrs. Lightfoot, Mrs. West did not leave the residence and it was contended that about the time of Mrs. Lightfoot's death Harry West also moved in. The claim filed in the probate court by the Wests stated that C. A. Lightfoot was indebted for board for a period beginning November 11, 1936, and ending December 31, 1943.

In the trial in the district court Mrs. West was a witness in her own behalf and on cross-examination was asked whether she had not testified on the hearing of her claim in the probate court that she had no contract with Mr. Lightfoot for board or nursing, and an objection to such testimony was sustained. At a later point the then probate judge was called and asked whether Mrs. West had

not so testified, and an objection to his answering was sustained. Questions were also asked some of the witnesses tending to elicit testimony as to who was the owner of Mrs. Lightfoot's residence property after her death and objections thereto were sustained.

Without detailing it, on the hearing of the administrator's motions, affidavits were filed to show the testimony that would have been given had the objections not been sustained, and that it would have been to the effect that Mrs. West testified in the probate court that there was no contract with C. A. Lightfoot for board and nursing, also that title to the residence property was in Rebecca C. West, who married Charles A. Lightfoot and predeceased him, and that he continued to reside in the property as his home until his death. In its comments the trial court stated it did refuse to admit the evidence, not for reasons advanced by administrator's counsel but because it had a different theory in mind, and it thought it was wrong on both items of evidence which it refused to admit; that it was proper to show what Mrs. West had testified in the probate court, and it thought the record (as to title) was competent and the reason it ruled it out was it was only cumulative; that it did so in the interest of time, which was no excuse and no reason, and it should have been admitted. The court made further comments on the confusion of the jury as to what the instructions meant, and stated it was going to sustain the motions. The record discloses a journal entry showing such an order was made.

The appellants specify error in six particulars. In their brief they make a statement of questions involved, divided into seven parts, but in their argument there is no separate discussion of either the specifications or of the questions stated. We shall follow the order of argument insofar as is necessary to dispose of the appeal. It is first contended that under G. S. 1935, 60-3117 it is the duty of the clerk of the court to enter judgment in conformity with the verdict of the jury unless by special order of the court the case is reserved for future consideration; that no such reservation was made and therefore there exists a judgment for $2,538; that no motion to vacate it was filed, no appeal taken from it and appellees have no right to be heard with respect to it. Appellants ignore G. S. 1935, 60-3118 which provides that where there has been a special finding on a particular question of fact, the court shall order what judgment shall be entered. That situation obtained here and appellants' contention cannot be sustained. It may be further remarked that

the trial court must approve a verdict and that it did not do—by its decision it indicated nonapproval. (See, *e. g.*, *Pugh v. City of Topeka*, 151 Kan. 327, 99 P. 2d 862; *Cole v. Lloyd*, 161 Kan. 150, 166 P. 2d 577; and cases cited.)

Appellants contend that there was an abundance of evidence to support the verdict, and that therefore the motions to set aside the verdict should have been denied. We cannot dispose of the matter so easily. It may be true that appellants' evidence made out a case for recovery but the appellee was entitled to present his defense, not in part but in whole, for the consideration of the jury. If the trial court erred in the admission or exclusion of evidence, and upon motion for a new trial it was convinced the error was material and prejudicial, it was its duty to grant a new trial.

Appellants direct our attention to decisions holding that discretion of the trial court in granting or refusing a new trial is a legal and not a capricious one (*Sovereign Camp v. Thiebaud*, 65 Kan. 332, 69 Pac. 348); that the exclusion of cumulative testimony is harmless error (*Glover v. Bux*, 150 Kan. 55, 90 P. 2d 1117), and that where the trial court states its reasons for granting a new trial, the appellate court may examine the questions to see whether the reasons given, as a matter of law, justify the granting of a new trial (*Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869), as well as to other decisions of similar import. We think that under the above and like decisions, the rulings of the trial court were correct. It was important to learn whether there was an express contract between the claimants and the decedent and its terms, or whether there could be recovery only as on *quantum meruit*, to determine whether the statute of limitations relied on by the administrator had any effect and certainly a statement by one of the claimants in the probate court had some bearing on the matter. And because the testimony sought to be adduced tended to impeach the claimant's story as detailed on the trial in the district court, it would have had some bearing on the weight the jury would place on her testimony. This part of the excluded testimony was not cumulative in any particular.

With respect to the testimony tending to show who was the owner of the residence occupied by the deceased, it may be said that in some, but not all, aspects it was cumulative. When it is borne in mind that both claimants were occupying a house, ownership of which was claimed by the decedent's estate, and that decedent's

estate was claiming an offset for rents due from them, the question became of importance.

Our examination of the record satisfies us that the trial court in granting a new trial did not act arbitrarily or capriciously; that the grounds it asserted for its conclusion constituted legal grounds for a new trial, and upon our examination of those grounds we hold that the order for a new trial was properly made.

Appellants also make some complaint that the trial court refused to allow Harry West to testify as to the contract in question. The abstract contains none of his testimony, and therefore does not show what he may have been asked, what objection was made, the ruling of the court, or any other matter necessary to a consideration of the question, assuming it were otherwise before us. Appellants never filed any motion for a new trial, nor in any way preserved in the record what Harry West would have answered if permitted to testify. There is nothing before us for review.

In order that it may not be said to have been overlooked, we note also that the trial court stated other reasons for its conclusion, including that the jury was not confused on the evidence but was as to what the instructions meant. As the trial court ruled correctly concerning the wrongful exclusion of evidence, it is not necessary that we review any possible error which there may have been in the instructions.

The judgment of the trial court is affirmed.

Hoch, J., not participating.