No. 39,320

DAISY D. SPENCER, *Appellee,* v. J. M. SUPERNOIS and CITY OF NEWTON, KANSAS, *Appellants.*

(268 P. 2d 946)

Opinion filed April 10, 1954.

*J. G. Somers*, of Newton, argued the cause, and *George A. Robb*, of Newton, was with him on the briefs for appellant J. M. Supernois.

*J. Sidney Nye*, of Newton, was on the briefs for appellant city of Newton.

*J. Rodney Stone*, of Newton, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to quiet title to real estate. The plaintiff recovered and the defendants have appealed.

Plaintiff commenced the action against defendants, J. M. Supernois and the city of Newton, by filing a petition in which she stated that she was the owner in fee simple of the real estate in question and had been in the actual, peaceable, open, adverse, continuous, and exclusive possession thereof for more than twenty years under claim of title; that the defendants, and each of them, claimed some adverse, but nevertheless inferior, right, title, and interest in and to such real estate; and that she should have judgment quieting her title to such property and barring and excluding defendants from all claims of interest therein.

Defendant Supernois answered the petition by denying each and all of its allegations. The city of Newton answered in like manner but in addition alleged it claimed the real estate by dedication from its co-defendant for public street purposes and that by reason thereof its rights therein should be confirmed for the purposes for which the property had been so platted and dedicated and all relief claimed by plaintiff should be denied.

The case came on for trial with issues joined as heretofore related. After plaintiff had adduced her evidence and rested her cause each of the defendants demurred on the ground such evidence failed to establish a cause of action for the relief claimed. When these demurrers were overruled they elected to stand thereon. Following these announcements plaintiff moved for judgment in conformity with the prayer of her petition. Thereupon, the trial court sustained the motion, found the allegations of the petition to be true, and rendered judgment accordingly. After the rendition of this decree the defendants filed separate motions for a new trial. When such motions were overruled they joined in perfecting the instant appeal and now, under proper specifications of error, challenge the

propriety of the trial court's action in overruling their respective demurrers and motions for new trial.

A review of the evidence on which this lawsuit must be decided, particularly that relating to the events giving rise to the controversy, is necessary to insure a proper understanding of a decision of the issues involved on appellate review. This, of course, must be made in the light of the well established rule (See West's Kansas Digest, Appeal and Error, § 927 [5], Trial § 156 [2], [3]; Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 488, Trial §§ 149, 150, 151) that in ruling on a demurrer to evidence courts do not weigh or compare contradictory testimony but must accept all evidence as true, give it the benefit of all reasonable inferences that may properly be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it. So reviewed the record discloses the following facts:

In 1929 Daisy D. Spencer was the owner of and, together with her husband, contracted to sell a certain tract of real estate located in the city of Newton to M. C. Wear. Later, on March 28, 1929, she conveyed this tract, approximately 658.90 feet, east and west, by 329.9 feet, north and south, by warranty deed, her husband joining, to Wear in conformity with the terms of such contract.

Shortly after receiving the deed Wear had the property surveyed and erected a substantial woven wire fence, running north and south, some 30 feet east of what, according to the description thereof as set forth in both the contract and the deed, would be the west line of the property conveyed. This fence is still standing and since its erection all members of the Spencer family, including Daisy D. Spencer, have considered it to be the boundary line between the Spencer and Wear properties and represented it to others as such. In fact they exercised full and complete control over the 30-foot strip of land west of such fence throughout the years, planting it to crops and harvesting them, and during such time neither Wear nor Supernois, his successor in title, at least until the filing of the dedicatory plat to be presently mentioned, ever made any claim of title to such tract or challenged the Spencers' right to possession and control thereof.

The record without disclosing exactly when, or how, makes it appear that sometime between March, 1929, and the filing of this action Wear, or representatives of his estate, disposed of the property purchased from Mrs. Spencer by selling it to Supernois, who

took possession thereof without disturbing the fence standing thereon, and thereafter made no claim to the Spencers of any right, title or interest in and to the 30-foot tract west of the fence. It also discloses, although failing to give the exact date of his action, that Supernois subsequently filed a plat of the land conveyed to Wear by Mrs. Spencer, as South Breeze Addition to the city of Newton, wherein he dedicated a 60-foot road or street which, according to the legal description of the land described in such plat, included the 30-foot strip or tract of land west of the fence and now in controversy.

In addition it should be noted that in response to a question put to her on cross-examination Mrs. Spencer stated, without objection of any character to her answer, that she knew the fence in question was the line her husband and Wear had established as the boundary.

The principal contentions advanced by appellants as grounds for reversal of the trial court's rulings are all to the effect that the facts proved fail to establish adverse possession. In support of their position on this point they direct our attention to the fact appellee was the grantor of the land in controversy and insist that under the facts and circumstances heretofore related she failed to overcome the presumption of holding in subservience to the grantee which, under our decisions, is required before a grantor can claim title against his grantee, or the latter's successor in title, by adverse possession. We have no quarrel with the rule on which appellants rely and admit many cases are to be found where the facts warrant its application. (See, e. g., *McNeil v. Jordan*, 28 Kan. 7; *Dotson v. Railway Co.*, 81 Kan. 816, 106 Pac. 1045; *Sellers v. Crossan*, 52 Kan. 570, 35 Pac. 205; *Hockman v. Thuma*, 68 Kan. 519, 75 Pac. 486; *Bowers v. Atchison, T. & S. F. Rly. Co.*, 119 Kan. 202, 210, 237 Pac. 913.) Indeed, it may be conceded, that if, as appellants contend, this were purely an action to establish title by adverse possession for more than fifteen years and the record disclosed nothing to overcome the presumption of subservience of possession existing in a case where there is privity of title we would feel constrained to concur in their view the trial court should have sustained their demurrers to the evidence. The trouble from their standpoint, as will presently be disclosed, is that under the confronting facts and circumstances the two premises upon which they base their position are erroneous.

Without attempting to exhaust our decisions it may be said this

court has long been committed to the rule, recently reaffirmed and restated in *In re Moore,* 173 Kan. 820, 252 P. 2d 875, where it is held:

"Where parties by mutual agreement fix a boundary line and thereafter acquiesce in the line so agreed upon, it must be considered as the true boundary line between them, even though the period of acquiescence falls short of the time fixed by statute for gaining title by adverse possession.

"The owners of adjoining tracts of land may, by parol agreement, settle and permanently establish a boundary line between their lands, which, when followed by possession according to the line so agreed upon, will be binding upon the parties and their grantees. Such an agreement, followed by possession, is not obnoxious to the statute of frauds." (Syl. ¶¶ 2, 3.)

For earlier decisions announcing such rule and applying it to the particular factual situations therein involved see *Sheldon v. Atkinson,* 38 Kan. 14, 16 Pac. 68; *Steinhilber v. Holmes,* 68 Kan. 607, 75 Pac. 1019; *Edwards v. Fleming,* 83 Kan. 653, 112 Pac. 836; *Simon v. Mohr,* 127 Kan. 401, 273 Pac. 445; *Schlender v. Maretoli,* 140 Kan. 533, 37 P. 2d 993; *Wagner v. Thompson,* 163 Kan. 662, 186 P. 2d 278; *Fyler v. Hartness,* 171 Kan. 49, 54, 229 P. 2d 751.

Under the issues raised by the pleadings there can be no doubt that in order to establish her cause of action to quiet title appellee was not limited to proof of adverse possession but could establish her title by any other means recognized by our decisions. Turning to the record we have little difficulty in concluding, that when liberally construed and given the benefit of all inferences to which they are entitled, appellee's statement she knew the fence in question was the line her husband and Wear had established as the boundary, when considered in connection with the other circumstances to which we have heretofore referred, was sufficient to bring her cause within the rule announced in *In re Moore,* supra, and the other decisions to which we have last above referred. This we may add is so even though after making such statement, as appellants point out, the record discloses she also stated she thought the fence was the boundary line and accordingly assumed that it was. Assuming, as we must for purposes of ruling on the demurrers, the first statement to which we have just referred was true she had a right to assume the fence was the boundary line, hence there is no irreconcilable conflict in the succeeding statements. It follows the trial court did not err in concluding appellee's evidence was sufficient as against demurrers based upon the ground such evidence failed to establish her cause of action.

The first claim of error urged by appellants in connection with

the ruling on their motions for a new trial relates to the admission, over their objection, of a statement made by appellee on direct examination in the nature of a conclusion, to the effect that from and after the day Wear built the fence it was the boundary line between the Spencer and Wear tracts of land. Assuming, without conceding, there is merit in appellants' contention this statement was based on a conclusion, and hence improperly admitted, does not require its determination. Appellants did not move to strike out the evidence of which they now complain. Under such circumstances Rule 53 of this court (G. S. 1949, 60-3827) has no application and there is no presumption such testimony was considered or entered into the final decision of the trial court. (*In re Estate of Walker*, 160 Kan. 461, 163 P. 2d 359; *Bradbury v. Wise*, 167 Kan. 737, 748, 208 P. 2d 209; *Harrington v. Propulsion Engine Corp.*, 172 Kan. 574, 582, 583, 241 P. 2d 733.) In this contention it will be noted our conclusion the trial court properly overruled the demurrers to the evidence was reached without reference to or consideration of such evidence.

Next it is urged the evidence was insufficient to warrant the trial court's action in quieting appellee's title as against the appellants. Having already determined there was sufficient evidence to take the cause to the trier of facts we have little difficulty in reaching a decision on this question. Resort to the journal entry discloses a recitation to the effect the court found that the allegations of appellee's petition were true and therefore rendered judgment quieting her title. No rule is better established in this jurisdiction than the one that when supported by evidence a trial court's findings and decision on a factual issue will not be disturbed on appellate review even though the record discloses some evidence which might have warranted a contrary decision. For our last decision announcing this rule see *Freeman v. Keltner*, 175 Kan. 37, 259 P. 2d 228. Numerous others are cited in West's Kansas Digest, Appeal and Error, § 1010 [1]; Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, §§ 507, 508.

In view of what has already been stated the city of Newton's special claims of error, to the effect (1) the statute of limitations does not run against the city so as to obtain title by adverse possession and (2) it obtained its rights of user through the county which is not a party to the cause, hence no judgment barring the city will lie, can be disposed of in summary fashion. One answer to the first claim is that the instant judgment is not based upon title by adverse

possession. An answer to the second is that the county, not the city, is the only one who can be heard to contest the judgment on the ground it was not a party to the action. The over-all answer to both of such claims is that notwithstanding their decision the city could acquire no greater rights in the property in question than those held by its predecessors in title.

The judgment is affirmed.