No. 39,926

E. H. DUGGINS, GEORGE C. PERRY and C. A. KIEFFABER on behalf of themselves and all others similarly situated, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS IN THE COUNTY OF JOHNSON, STATE OF KANSAS, *Appellee.*

(293 P. 2d 258)

Opinion filed January 28, 1956.

*K. U. Snyder,* of Overland Park, argued the cause, and *George A. Lowe,* of Olathe, was with him on the briefs for the appellants.

*Howard E. Payne,* of Olathe, argued the cause, and *James H. Bradley,* Johnson county attorney, and *F. L. Hagaman,* of Kansas City, Missouri, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in which the plaintiffs sought to have declared as unreasonable the act of the Board of County Commissioners of Johnson County in sustaining the acts of the Mission Township Zoning Board in permitting a change in zoning as hereafter detailed. The action is authorized by G. S. 1949, 19-2913. Plaintiffs were denied relief and have appealed to this court.

As far as need be noticed, in their petition plaintiffs alleged the status of the parties and that the defendant acting under the alleged power and authority of the act now appearing as G. S. 1949, 19-2901 to 2913, attempted to create and commission the Zoning Board of Mission Township and that that board on April 22, 1940, enacted certain rules and regulations and since that date has attempted to regulate and govern the use of land in that township located outside of incorporated cities, a copy of the rules being attached; that under the zoning regulations the lands were divided into five use districts and prohibited the use of the land in any manner not provided for in the enactments of the board, and prohibited the construction of any building unless the same be in conformity to such enactment. Recital of the legislative history leading up to G. S. 1953 Supp., 19-2901 to 2913 inclusive, need not be repeated here. It was also alleged that certain described real estate was located in the urban township of Mission, the title was in Bear Realty and Investment Company, and it was unimproved land and had been used formerly for agricultural purposes; that prior to filing of the action the land had been classified for residential purposes. It was further alleged that on August 24, 1954, Farmers Insurance Group, a corporation, made application to the zoning board for a special permit for the

specific purpose of erecting a one-story building on the involved real estate and on September 14, 1954, the zoning board approved the application and made its order granting the request; that on September 29, 1954, Duggins in his own behalf and on behalf of the plaintiffs appealed from the above order to the board of county commissioners; that after hearing the appeal the county board entered its order sustaining the action of the zoning board, a copy of that order being attached. It was further alleged that the urban township of Mission is a municipal township separate and apart from other townships of Kansas and exists by reason of the statute now appearing as G. S. 1953 Supp., 80-2301 to 80-2308, inclusive. It was further alleged that the actions of the zoning board and the county board were unreasonable and that plaintiffs were entitled to a determination of the reasonableness of those acts; that the described property is essentially residence property; that its frontage is on U. S. Highway No. 50 and in close proximity to what is known as "Clover Leaf Traffic System," and that the establishment of a business such as is contemplated will create traffic congestion; that the particular property is a part of a twenty-acre tract, which would likely be rezoned for business in the future, all of which would detract from and greatly depreciate the values of established homes in the area affected; that establishment of a business building will create an unsightly non-conforming situation at a place contiguous with and in close proximity to areas which have been beautified at great expense to taxpayers in the area and particularly to plaintiffs. Plaintiffs further alleged the acts of the zoning board were unconstitutional and void for the reason they violate the provisions of Art. 2, Sec. 21, of the state constitution in that the zoning board is without power and authority to lawfully legislate or enact zoning regulations, and further that the zoning laws now appearing as G. S. 1953 Supp., 19-2901 to 2913, are unconstitutional and void for the reason they violate Art. 2, Sec. 16, of the state constitution in that the title of the act covers more than one subject. And lastly, plaintiffs allege that if Mission Township Zoning Board ever had constitutional existence and jurisdiction over the lands in question, it did not have such jurisdiction at the time of the acts complained of because the lands were within the boundaries of a newly created urban township, which was a municipal form of government and had regulatory power, police power and authority over the lands in question which was in conflict with the rules and

zoning regulations heretofore mentioned. The gist of plaintiffs' prayer for relief was the court determine that the order of the zoning board and the approval by the county board were unconstitutional; that neither board had jurisdiction over the lands in the urban Mission township; that if the zoning laws be held constitutional the court find that the order granting the special permit was unreasonable and that the special permit should be revoked and held for naught.

The answer of the defendant was a general denial except as to specific admissions which include status of the parties; that it created and appointed the Zoning Board of Mission Township which enacted rules and regulations concerning use of lands outside of incorporated cities; that the property in question was in Mission township and that an application had been made to the zoning board and granted for a special permit and that the county board on appeal sustained the action of the zoning board.

At a preliminary hearing in the district court the plaintiffs demanded a trial by jury. This demand was refused. Trial was set for a later date and at that time evidence of plaintiffs and defendant was received and thereafter the trial court made findings and an order, which are incorporated in the journal entry of judgment, and which recite as follows:

"FINDINGS AND ORDER OF THE COURT.

"This is an action brought by the plaintiffs to test the reasonableness of the order of the Board of County Commissioners granting a special permit under G. S. 1949, 19-2901, et seq., as amended, for an office building on a four-acre tract located in the unplatted, undeveloped quarter-quarter section of ground lying in the southeast corner of the intersection of U. S. Highway 69 and U. S. Highway 50 in Mission Township, Johnson County, Kansas. In addition, the plaintiffs pleaded that the zoning act is unconstitutional.

"The Court finds that the question of constitutionality is not properly before the Court in this action for the following reasons:

"(1) It is a well-settled principle of law in this state that the constitutionality of a statute will not be determined in any case unless such determination is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question.

"(2) In this case the plaintiffs are seeking to have the order of the Board of County Commissioners declared unreasonable under a specific provision of the statute in question and yet are questioning the constitutionality of the entire statute. These positions are inconsistent, and the filing of the suit being statutory procedure in itself constitutes a waiver of the right or privilege of attacking the constitutionality of such statute.

"(3) The merits of the case cannot be determined by a declaration of

unconstitutionality, and therefore, the issue of constitutionality is fictitious and does not constitute a controversy between the parties.

"This leaves but one issue in the case, and that is the determination of whether or not the order of the Board of County Commissioners was unreasonable. Our Court has said that in an action of this nature the plaintiffs have the ordinary burden of establishing the cause of action by a preponderance of the evidence. Before a court should set aside an order of the Board of County Commissioners granting or denying a zoning it should be made to appear affirmatively that such order is unreasonable.

"It has been uniformly held by the courts in this state and elsewhere that in this type of an action the court should not substitute its judgment or discretion for that of the zoning board. The evidence presented in the instant case shows that the Board of County Commissioners had before it the evidence presented by the plaintiffs to the Court. The Board made an inspection of the premises in question and undoubtedly considered their independent knowledge as to the conditions existing in the immediate and near vicinity of the premises in question.

"Considerable argument and some testimony was to the effect that 'special permit' referred to a permit for the special interests of an individual. However, 'special permit' as found in the zoning rules and regulations refers not to a 'special' individual but to a 'special' or specific use or construction which will be permitted.

"Much of the evidence dealt with the question of the depreciation of the value of the property owned by the individual witnesses appearing before the Court, but when considered as a whole the evidence does not establish that the building of the insurance office as permitted by the order of the Board of County Commissioners would depreciate the value of the property owned by any one of the witnesses or of the subdivisions in which they reside.

"There was evidence pertaining to the increase of traffic because of the building of the insurance office, but it is common knowledge that any development, regardless of nature, and even without development, traffic has been increasing on the main thoroughfares throughout the state, and it must be kept in mind that the quarter-quarter section of ground on which the four acres in question is located is situated at the intersection of two national highways.

"The Court finds that the plaintiffs have not sustained the burden of proof establishing that the order of the Board of County Commissioners was unreasonable, and therefore grants judgment for the defendant at plaintiffs' costs."

Judgment was ordered accordingly.

Plaintiffs' motion for a new trial was denied and they have appealed to this court, specifying as error the matters hereafter mentioned or discussed.

It may here be pointed out that plaintiffs tendered as issues the constitutionality of the zoning laws and the regulations enacted by the zoning board and that the trial court ruled in connection with the issues. At the hearing in this court plaintiffs waived any con-

tention of unconstitutionality, made in the pleadings or contended for in their brief. We may remark if the zoning law or the enactments of the zoning board were unconstitutional, then there were no zoning regulations to interfere with any use the owner of land desired to make of it.

Appellants first argue they were entitled to a jury as is provided by Section 5 of the bill of rights of our state constitution, but they cite no authority in support of that contention. We are not disposed to elaborate on the right of trial by jury at common law and that such was the right covered by our constitutional provision. Our statute provides that actions for the recovery of money or of specific real or personal property shall be tried by a jury unless waived, and all other issues of fact are to be tried by the court subject to its power to order a jury. See G. S. 1949, 60-2903. This action was not for recovery of money or of specific real or personal property and plaintiffs were not entitled to a jury as a matter of right. Appellants' contention they were entitled to a trial by jury cannot be sustained.

Appellants also contend that they were forced to trial without sufficient time to prepare. They were in court on some preliminary motions on January 24, 1955, when the trial court made inquiry as to a probable trial date and fixed February 28, 1955, for the trial. On February 28, 1955, they were again in court when a jury trial was demanded, and they then informed the trial court they were unprepared for trial at that time. The trial court then denied their motion for a jury trial and continued the trial until March 17, 1955. On the last date they appeared and the trial proceeded without objection so far as the journal entry or the record as abstracted discloses. We have nothing before us to indicate the trial court abused its discretion in fixing the time of trial, or that plaintiffs were not fully ready to and did not fully present their case. Appellants' contention that they were forced to trial over objection they were not prepared is not sustained.

Appellants contend that the trial court erred in not ruling specifically upon their claim that because of the enactment of G. S. 1953 Supp., 80-2301 to 80-2308, creating the urban township of Mission the township zoning board lost jurisdiction over the lands involved. Whether the trial court was compelled to make a specific ruling need not be debated. The fact it did not rule as appellants requested is equivalent to an adverse ruling. The contention that

Mission township may have adopted the provisions of the last mentioned statute and that by so doing the zoning board went out of existence cannot be upheld. Under 80-2306 it is specifically provided that the township board of a township of the urban class shall have all the powers, duties and authority now exercised by or which may hereafter be conferred on the officers of other townships, and such other powers as may be conferred by the act. These other powers are detailed in 80-2307 and power to zone property for use is not included. Even if it be assumed the urban township board could abolish the zoning regulations, or alter the same by some conferred power, there is no evidence whatever that any attempt to do so was ever made.

Appellants argue that the act of the appellee board in sustaining the act of the zoning board in granting the special permit for an insurance company office building on the involved real estate was arbitrary, without authority and without any foundation in reason.

It may here be said that a review of the zoning regulations enacted by the Mission Township Zoning Board is not necessary further than to point out that Section 3 established Residence District A in which the involved real estate was originally included, and that in subdivision (5) (b) it is provided there may be such other uses as the board may in its discretion, when deemed advisable, authorize by a special permit for a specific purpose after conducting a public hearing thereon with due notice thereof by publication at least one week prior thereto. There is no contention that procedural requirements were not met, nor that the matter was not later properly heard by the board of county commissioners.

Extensive review of authorities cited by the appellants is not necessary. The first case cited is *Ware v. City of Wichita*, 113 Kan. 153, 214 Pac. 99, where constitutionality was upheld of statutes authorizing cities of specified populations to create planning commissions and to establish zones and to regulate use of property and construction of buildings. It is not necessary to quote from the discussion in that case leading to the conclusion stated. Under the facts of the instant case, constitutionality of the zoning law applicable is assumed. *West v. City of Wichita*, 118 Kan. 265, 234 Pac. 978, is cited as holding that the general rule that ordinances of a city are presumed to be abrogated in testing reasonableness of zoning regulations, and an inferred argument is made that the burden was on the appellee in the trial court to establish reasonable-

ness of the regulation. Appellants have failed to read the whole discussion on page 268 of the opinion or to note the third paragraph of the syllabus that the statute there applicable provided for an action to have reasonableness determined and made clear who might bring the action and in what form ". . . but does not relieve the plaintiff from establishing his cause of action by proof." The trial court properly applied that rule in deciding the case.

Appellants also quote portions of the opinion in *Heckman v. City of Independence,* 127 Kan. 658, 274 Pac. 732, which we find it unnecessary to discuss. That was an action to compel the city to issue a building permit contrary to the zoning ordinance. The trial court held the ordinance unreasonable and this court reversed. Reference is made to that opinion for the discussion therein. Other of our decisions are cited but will not be reviewed. They hold that a court in a proper proceeding has authority to determine whether as to a specific property a zoning ordinance is reasonable and valid, a matter not now in dispute. Appellants also quote at length from *Page et ux. v. City of Portland et al.,* 178 Or. 632, 165 P. 2d 280, that "spot zoning" is unreasonable, and to textbook authority to the same effect. In view of Sec. 3 (5) (b) of the zoning enactment mentioned above providing for special permits for specific purposes, we think it may not be said there was "spot zoning."

The specific question before us is whether the trial court erred in determining that the action of the defendant board in approving the act of the zoning board in issuing the special permit was not unreasonable. No purpose will be served in detailing the evidence of twenty-nine witnesses who testified orally and of the documents introduced. It may be conceded that the greater number were called by the plaintiffs and that they testified the erection of the building by or for the insurance company would create damage to their properties either by reduction in value, limitation on sale, or because the building would be unsightly in the neighborhood. Some of these witnesses, however, lived at such a distance from the proposed site that a trier of the fact might not give great weight to their testimony. Other witnesses testified that the building would not damage property in the area, but that the demands of employees of the insurance company for homes near their place of employment, might increase the demand for homes. The evidence disclosed that the particular site is a part of a tract of 33 acres lying

abutting to the south and east of the intersection of U. S. Highways 50 and 69, where apparently there is a clover leaf crossing system, both of which highways carry a great amount of traffic, and that the owner of the portion not sold to the insurance company proposed to use the same for the erection of residences. Appellants do not contend there was no evidence to support the trial court's findings, rather they contend that the evidence produced by them is overwhelming. The weight of the testimony was for the trial court, not this court. It concluded that the action of the defendant board in approving the acts of the zoning board was not unreasonable.

In their specifications of error, appellants include that the trial court erred in not ruling on a motion to require certain attorneys to reveal their authority, and that its findings and decision were given under the influence of passion and prejudice. Neither of these is argued in the brief and under our general rules of appellate practice must be deemed abandoned. They also specify error in the denial of their motion for a new trial and do not separately argue that. From what has been said above, it is apparent the trial court did not err.

The judgment of the trial court is affirmed.