No. 40,227

JOSEPH HILLEBRAND, MAX JENSON and DONALD PUGH, *Appellants*, v. THE BOARD OF COUNTY. COMMISSIONERS OF JOHNSON COUNTY, GEORGE RUSSELL, MARTIN J. ZIEGLER and L. R. PENNER, Successor to the Office of Clyde L. Curry, *Appellees.*

(304 P. 2d 517)

Opinion filed December 8, 1956.

*Hylton Harman* and *Marion C. Miller*, both of Kansas City, were on the briefs for the appellants.

*James H. Bradley*, county attorney, *Howard E. Payne*, of Olathe, and *F. L. Hagaman*, of Kansas City, Missouri, were on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from a judgment of the trial court in favor of defendant board of county commissioners as a board, and as individuals, against plaintiffs who had claimed in the action before that court that such board was arbitrary, capricious, or unreasonable in permitting a change in zoning of certain property as recommended by the Mission township zoning board of Johnson county.

The pleadings will not be set out in detail since the record shows that the only order made by the trial court in ruling on a motion to strike could not have resulted in prejudice to plaintiffs for the rea-

son that the items stricken were later brought into the trial by plaintiffs' own evidence.

There had been three applications to have property located at the northeast corner of the intersection of Eighty-First street and Metcalf avenue in Mission township rezoned from residence district "A" to retail business "B" to permit use of the land to include a motel consisting of twenty-one units with a construction value of from $140,000 to $150,000. This property was located in Kirkbride Place in Johnson county and was south of the cloverleaf intersection of highways No. 69 and 50, which intersection was involved in a similar manner in *Duggins v. Board of County Commissioners,* 179 Kan. 101, 293 P. 2d 258.

The first application dated July 13, 1953, was approved for the change in use by the zoning board of Mission township on August 24, 1953, but was disapproved by the defendants on October 6, 1953, after a hearing where evidence was presented by the applicants in favor of and by plaintiffs who were protesting the rezoning. At this time there was a denial of the right of motels to attach onto sewers.

The second application dated August 18, 1954, was approved by the zoning board on September 27, 1954, and was also disapproved by defendants on November 24, 1954, although the restriction that motels could not attach to sewers had been removed. At this time a rezoning permit was issued for a motel some distance north of the property in question but that project was later abandoned by the owners.

The application before us was filed on February 14, 1955, was approved by the zoning board on March 21, 1955, and was in turn approved by the defendants on May 24, 1955.

As a result of this approval by defendants, the plaintiffs filed the petition involved herein to test the reasonableness of defendants' order. Many witnesses and much testimony were presented to the trial court, which had previously been presented to defendants. We might note that plaintiffs contend only one of the protestants had withdrawn his protest, but the record shows that more than one had done so. Plaintiffs further claim the trial court failed to admit competent evidence in the form of written protests filed on the two previous applications, but the record does not disclose testimony to justify this contention. In the absence of such testimony in the record, a party may not complain of the alleged

erroneous exclusion of evidence. (*In re Estate of Lightfoot*, 163 Kan. 369, 182 P. 2d 887.)

Another contention is that statements of a clerk of the zoning board were binding on the body under G. S. 1949, 19-2903, but there is no showing that the clerk was the statutory secretary of the board and whatever may have been said did not appear in the record. A further claim was made that testimony on cross-examination was unduly restricted in regard to a subsequent subdivision platted by the same applicant as the one named here in which subdivision business establishments were not allowed. *Bourgeois v. State Highway Commission*, 179 Kan. 30, 292 P. 2d 683, was cited on this point, but we fail to see any analogy between that case and the one now before us.

The more applicable rule in our case is that absent a showing of abuse of discretion on the part of a trial court, the extent to which a witness may be examined is within the sound discretion of the court and its ruling will not be disturbed on appeal. (*State v. Stewart*, 179 Kan. 445, 453, 296 P. 2d 1071.)

We now come to the reasonableness of the order of the defendants and in determining that issue we must look to the evidence disclosed in the record. There was some evidence which supported plaintiffs' contentions. They would, therefore, have us conclude that there was no evidence to the contrary, but we cannot and do not agree with such theory. Let us briefly recite some showings made by the evidence.

A new filling station was being built two blocks south of the property in question; there was a pre-existing nonconforming motel just across the street; a new DX filling station located within two or three hundred feet of the property was to be opened in about two weeks; some of the protestants on previous applications had changed their minds and at least the property owner next door had withdrawn his protest; a five foot widening of each side of the highway was immediately contemplated to provide for another traffic lane; one property which had been purchased on January 8, 1953, had sold for a profit of $450 on October 1, 1955; sewer connections had been allowed as well as other matters which need not be detailed here.

From all this it is clear that what the zoning board and defendants did was not unreasonable. They were coping with the demands of a locality where phenomenal growth was in progress.

The defendants were being extremely careful. This is shown by their refusal to approve previous applications for rezoning of this property and by their refusal in another instance to permit business use of property for an office building because of lack of parking space.

Not only was the determination of this conflicting evidence within the discretion of the trial court (*Spencer v. Supernois*, 176 Kan. 135, 268 P. 2d 946) but it must be remembered that throughout the litigation the burden of proof was on the plaintiffs to show wherein defendants acted arbitrarily, capriciously, or unreasonably. (*Duggins v. Board of County Commissioners*, supra; *Konitz v. Board of County Commissioners*, 180 Kan. 230, 303 P. 2d 180.)

The highway and the small motel on the southeast corner of the intersection were both there at the time plaintiffs bought and erected their homes and it must be admitted these other business uses, especially along the highway, made further rezoning to meet increased demands for business purposes more and more reasonable when all the facts and circumstances are considered. As to the necessity of appropriate regulations to meet the changing conditions in our modern way of life, in *Euclid v. Ambler Co.*, 272 U. S. 365, 71 L. ed. 303, 47 S. Ct. 114, we find the following:

"Regulations, the wisdom, necessity and validity of which, as applied to existing conditions, are so apparent that they are now uniformly sustained, a century ago, or even half a century ago, probably would have been rejected as arbitrary and oppressive . . . In a changing world, it is impossible that it should be otherwise. . . ." (p. 387.)

The controlling factor in the above theory, of course, is that such regulations are always governed by the limit of having to conform to the constitution and the meaning thereof.

Plaintiffs further complain of the detriment it will be to surrounding property to allow the defendants' order to stand but here again we are met with a conflict in the evidence. Plaintiffs' witnesses stated that the rezoning would create an immoral atmosphere for children, would cause more complicated and heavier traffic conditions, would decrease property values and create much noise while evidence of defense witnesses showed that the motel would be an attractive structure, would provide accommodations for the traveling public, and would increase the value of and be a benefit to the property.

The trial court determined this contradictory testimony and since there is evidence, as shown, to support that determination, we are

352

not going to disturb it. (*Spencer v. Supernois*, 176 Kan. 135, 268 P. 2d 946; *Condon National Bank of Coffeyville v. Krigel*, 176 Kan. 279, 287, 270 P. 2d 232.)

Other contentions raised by plaintiffs are matters which are covered by what has already been said and we need not detail them here. On the proposition that the trial court overruled a motion of plaintiffs for new trial, there is nothing in the record before us to justify a reversal of the trial court's judgment thereon.

All of the pertinent statutes found in G. S. 1949, chapter 19, article 29, as well as most of the cited authorities, were fully treated in the Duggins case, *supra*, and we need not repeat here what was there said.

The judgment is affirmed.