No. 21,952.

C. E. SUTTON, *Appellee*, v. CHARLES E. SCHAFF, as Receiver of the MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

PARTNERSHIP — *Sale of Hay — Evidence Failed to Show a Partnership.* Under the facts stated in the opinion, it is held that a partnership did not exist between the plaintiff and the Southwestern Hay and Grain Company.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed February 8, 1919. Affirmed.

*E. R. Morrison, James E. Nugent, L. Newton Wylder* and *D. W. Johnson,* all of Kansas City, Mo., for the appellant; *W. W. Brown,* of Parsons, of counsel.

*W. L. Huggins,* and *O. T. Atherton,* both of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:　The plaintiff recovered a judgment against the defendant for the wrongful delivery of a number of cars of hay shipped by the plaintiff to himself at Kansas City, Mo., under an order bill of lading.　The defendant appeals.

The action was tried on an agreed statement of facts, which, among other things, stated:

"That the transactions between the plaintiff and the Southwestern Hay and Grain Company were under and by virtue of an agreement at all of said times existing between said plaintiff and said company, the terms of which were that the plaintiff should purchase the hay in question at and near the vicinity of Americus, Kansas, and pay for the same out of his own funds; that said hay should be shipped to Kansas City, Missouri, consigned to the plaintiff, with the original bill of lading and arrival draft for the purchase price of said hay attached thereto to be sent to some bank in Kansas Ciy, Missouri, and paid for by the Southwestern Hay and Grain Company out of its own funds; and that said hay should then be sold by said company and out of the proceeds the freight and demurrage and any other shipping charges should be deducted, and the new proceeds showing a profit, if there was a profit, to be divided equally between the plaintiff and the Southwestern Hay and Grain Company, or the losses, if any, sustained equally by them; that out of the proceeds of the sale of said hay, after the payment of freight and other shipping charges, said company was first to deduct the amount of the sight draft paid by it, the same being the original purchase price of the hay paid by plaintiff, and the balance divided equally, if there was a profit, or the losses borne equally, if there were losses.

"That the Suthwestern Hay and Grain Company was, at all of the times mentioned in said petition, engaged in the business of handling hay for shippers on commission, or on joint account, as in this case, or upon any other arrangements as might have been made from time to time between the Southwestern Hay and Grain Company and hay shippers with whom it was doing business.

.　　.　　.　　.　　.　　.　　.　　.　　.　　.

"Plaintiff has never been paid for said hay."

The defendant's contention is that the plaintiff and the Southwestern Hay and Grain Company (hereinafter named the company) were partners in the purchase, shipment, and sale of the hay; that the hay, having been delivered to the company, was delivered to the partnership; and that, therefore, the plaintiff cannot recover.　The partnership, if any existed, depended on the contract between the plaintiff and

the company. The terms of that contract, so far as they are material for the consideration of the question presented, have been set out.

The defendant argues that, because there was a division of the profits and losses arising out of these transactions, the plaintiff and the company were partners. Community of interest in, or a division of, profits and losses is one of the principal tests by which to determine whether parties are partners, but it is not a conclusive test. Community of interest in the property devoted to the business, and community of control over that property, are other and important tests. (20 R. C. L. 825, 826, 829, 830; 30 Cyc. 366, 379; 22 A. & E. Encycl. of L. 23, 27, 41; Note in 115 Am. St. Rep. 420, 431.)

The defendant cites *Railway Co. v. Hucklebridge*, 62 Kan. 506, 64 Pac. 58. There this court used the following language:

"An agreement between two persons, one to furnish money to purchase and ship cattle, the other to perform the labor of buying and shipping them, upon sale the profits to be shared and the losses to be borne equally, constitutes them partners as to one who has inflicted loss upon them by injuring the cattle, and a suit for damages for the injury must be brought in the name of both." (syl. ¶ 1.)

In that case, there was community of interest at the inception of the business; one had contributed money and the other labor in purchasing the cattle, and each then had an interest therein. There was more than the sharing of profits and losses. The sharing of profits and losses and community of interest in the property have appeared in the following cases, in which this court has held that there was a partnership. (*Tenney v. Simpson*, 37 Kan. 353, 15 Pac. 187; *Simpson v. Tenney*, 41 Kan. 561, 21 Pac. 634; *Jones v. Davies*, 60 Kan. 309, 56 Pac. 484.)

In the case last cited this court said:

"If there be a joint purchase with a view to a joint sale on joint account and a communion of profit and loss, it will ordinarily constitute a partnership transaction." (p. 314.)

The defendant cites *Stettauer v. Carney & Stevens*, 20 Kan. 474. There the parties were held liable to each other, not because they were partners, but because the business was a joint venture.

In *Shepard v. Pratt*, 16 Kan. 209; *Beard v. Rowland*, 71

Kan. 873, 81 Pac. 188; *Weiland v. Sell,* 83 Kan. 229, 109 Pac. 771; *Wade v. Hornaday,* 92 Kan. 293, 140 Pac. 870; and *Tate v. Crooks,* post, p. 286, 68 Pac. 74, this court held that partnerships did not exist. In *Weiland v. Sell,* profits and losses were shared. In the others of these cases there was a division of profits, but there was no community of interest in the property in any of them.

Another and important test is the intention of the parties to the contract. In *Wade v. Hornaday,* supra, it was held that partnership is a matter of contract, and courts will not create such a contract against the will of a party. (20 R. C. L. 831; Note in 115 Am. St. Rep. 412; 30 Cyc. 360.)

Again, in *Rider v. Hammell,* 63 Kan. 733, 66 Pac. 1026, this court said:

"Whether a written agreement between two or more persons, which is plain and unambiguous, creates a partnership *inter se,* is a question of law."

Another declaration by this court is contained in *Grantham v. Conner,* 97 Kan. 150, 154 Pac. 246, as follows:

"Persons may enter a partnership relation by uniting to place their money, effects, labor or skill, or some of them, in a business enterprise, but it is essential that each member shall subject himself to partnership duties and liabilities and that there shall be a community of interests in the profits and losses." (p. 152.)

Could the plaintiff create any liability binding on the company, or could that company create any liability binding on the plaintiff? There was nothing in the contract on which to base such a liability. Could the plaintiff have disposed of the hay before it reached the company, and the company be compelled to deliver the hay under that disposition? Could the company have contracted for the sale of the hay before its shipment, and the plaintiff be bound thereby? Was the plaintiff the agent of the company in the purchase of the hay, and was the company the agent of the plaintiff in its sale? Each of these questions must be answered in the negative, because there was no community of interest in the property, or control over it; the contract did not give either.

It might be argued that what has been said applies to the plaintiff and the company as between themselves, but does not apply to third parties. The defendant was not a creditor of

either party to the hay transaction. No principle of estoppel applies in favor of the defendant. He stands, not in the position of a third party, but in the place of the company. The defendant argues that the company had the right to demand the delivery of the property and to compel that delivery. To prevail, the defendant must make that argument good. That cannot be done. The company, as between it and the plaintiff, had no right to the possession of the hay until it was paid for; therefore, the defendant could not have been compelled to deliver the hay to the company without the proper presentation of the bill of lading.

The judgment is affirmed.