No. 22,219.

J. S. MOORE, *Appellee,* v. FRANK THOMPSON, *Appellant,* N. N. ROGERS, *Appellee.*

### SYLLABUS BY THE COURT.

CONTRACT—*Purchase and Sale of Horses—A Partnership Created.* In the present case, where an arrangement was made between two persons for the purchase and sale of horses, each furnishing in different proportions money for the conduct of the business, and each contributing certain services in carrying it on, the profits and losses of which were to be equally divided between them, it is held to constitute a partnership relation as to a third person who held a claim for the unpaid price of the horses purchased by the firm.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed November 8, 1919. Affirmed.

*S. D. Scott,* of Olathe, for the appellant.

*Ralph E. Page,* of Ottawa, for the appellee, J. S. Moore.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this proceeding J. S. Moore seeks a recovery for horses sold to an alleged partnership comprised of Frank Thompson and N. N. Rogers, who were engaged in the business of buying and selling horses and mules. Rogers in his answer asked for an accounting with Thompson and for the recovery of an unnamed amount. The court found that a partnership existed between Rogers and Thompson and that Rogers was indebted to Thompson in the sum of $1,779.43; and further found that the plaintiff, Moore, had been employed to buy horses for the firm, and that during the time of his employment he had bought horses and turned them over to the firm in the sum of $1,562.59, for which he had not received payment. It was further found that the partnership business had been closed and that there were no substantial profits. Moore was awarded judgment against the partnership for the sum of $1,562.50. Rogers is not complaining of the judgment, but Thompson appeals, and his complaint is that the court erred in finding that a partnership existed between him and Rogers, and that as there was no partnership, no liability existed against him in favor of the plaintiff.

It appears from the evidence in behalf of plaintiff that Thompson contracted to supply the United States government with fifteen hundred horses, and that he entered into a business arrangement with Rogers for the purchase of the horses under the contract. Rogers stated that he had twenty-five or twenty-six hundred dollars that could be and was used in the business, and the plan was that Rogers was to buy horses and mules, advancing the money at the time of purchase and sending the horses in for inspection and shipment to Thompson, who attended to the inspection and the sale and turning over of the horses to the government. He was then to return the money advanced by Rogers in payment of the horses and mules. The horses were to be purchased, collected, and taken over every week. Settlements were to be made and profits and losses of the business were to be shared equally between Thompson and Rogers. A large number of horses and mules were bought, and sold to the government under the arrangement. Later, Thompson's contract with the government was canceled and another was made with Rogers, and the business was continued as before.

On one side, it is contended that the adventure lacks the elements of a partnership, and that Rogers was no more than an agent or employee of Thompson, whose compensation was measured by the profits earned in the business. On the other hand, it is contended that the position of Rogers was that of a principal instead of an agent or employee, and that as such he participated in the profits and losses of the business, and that the arrangement between them had all the essential elements of a partnership. One of the important tests in determining the existence of a partnership is the sharing of profits and losses of the enterprise. This test is not conclusive, as there may be a sharing of profits with an agent or servant as partial compensation for services, and such relationship will not constitute a partnership. (*Shepard v. Pratt,* 16 Kan. 209; *Beard v. Rowland,* 71 Kan. 873, 81 Pac. 188; *Wade v. Hornaday,* 92 Kan. 293, 140 Pac. 870).

There is testimony tending to show that, under the agreement between the parties, Rogers was to act as a principal, and not as an employee or agent, and also that he received the profits as profits, and not as wages. A participation in profits as profits is *prima facie* and very cogent evidence of a partner-

·ship.    (20 R. C. L. 824.)    Here there was a community of interest, not only in the profits and losses, but also in the capital employed in carrying on the business.    One partner may, and sometimes does, put up skill and service as against the money or property provided by the other.    (*Tenney v. Simpson,* 37 Kan. 579, 15 Pac. 512; *Simpson v. Tenney,* 41 Kan. 561, 21 Pac. 634.)

It has been decided in *Railway Co. v. Hucklebridge,* 62 Kan. 506, 64 Pac. 58, that:

"An agreement between two persons, one to furnish money to purchase and ship cattle, the other to perform the labor of buying and shipping them, upon sale the profits to be shared and the losses to be borne equally, constitutes them partners as to one who has inflicted loss upon them by injuring the cattle, and a suit for damages for the injury must be brought in the name of both."    (Syl. ¶ 1.)

In addition to putting up his services in the purchase of horses, Rogers advanced some of the money for their purchase, which was returned by Thompson after the horses had been disposed of to the government.    The fact that Thompson had like arrangements with others, or that the relation with Rogers was of short duration, does not militate against the claim of partnership.

It has been said that:

"It is not necessary that there should be a series of transactions nor that the relationship between the parties should continue a long time to constitute a partnership.    It may exist for a single venture or undertaking.    If there be a joint purchase with a view to a joint sale on joint account and a communion of profit and loss, it will ordinarily constitute a partnership transaction."    (*Jones v. Davies,* 60 Kan. 309, 314, 56 Pac. 484.)

The fact that when the contract between Thompson and the government was canceled and a like contract had been secured by Rogers, the business was carried on just as it had been when Thompson had the contract, shows the relationship between the parties.    Altogether, it appears that their contract and purpose was to combine their property, labor and skill in a joint enterprise for their common benefit, each to share alike in the resulting profits and losses.

Under the evidence and the findings of the trial court, we think they must be regarded as partners as to third persons, including the plaintiff, and therefore the judgment is affirmed.