No. 23,984.

E. B. Posey, *Appellee*, v. Joseph H. Kirk, et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. Partnership—*Action for Damages Sustained by One Partner Individually.* A person who is a member of a partnership may recover the damages sustained by him personally by reason of malicious civil actions prosecuted against him individually although the actions arose out of matters connected with the partnership.

2. Same—*Damages to Partnership Property—Not Recoverable by One Partner Alone.* Damages to the property of a partnership cannot be recovered by one of the partners in an action prosecuted by him alone.

Appeal from Sedgwick district court, division No. 2; Thomas E. Elcock, judge. Opinion filed February 10, 1923. Modified and affirmed.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew, Forest D. Siefkin*, and *James G. Norton*, all of Wichita, for the appellants.

*S. B. Amidon, S. A. Buckland, H. W. Hart*, and *Glenn Porter*, all of Wichita, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff recovered judgment against defendants Joseph H. Kirk and Flora A. Kirk jointly for $323, against Joseph H. Kirk for an additional sum of $600, and against defendants Joseph H. Kirk and Orville S. Cummins for an additional sum of $1,100, as damages, compensatory and punitive, for wrongfully attaching property and for wrongfully securing the appointment of a receiver, who wrongfully took personal property, in all of which the plaintiff was interested. Joseph H. Kirk, Flora A. Kirk, and Orville S. Cummins appeal.

W. H. Cummins owned 240 acres of land in Sumner county. He

Posey v. Kirk.

leased that land to the plaintiff for two years. The lease provided that W. H. Cummins should furnish certain animals, farm implements, and grain for seed; that the plaintiff should furnish certain animals and farm implements; that they should share equally in all increase in live stock and in gain or loss; and that the plaintiff should deliver one-half the grain to W. H. Cummins at the nearest market. This contract created a partnership between the plaintiff and W. H. Cummins. During the existence of the lease created by this contract, W. H. Cummins died and left surviving him, as his heirs, his wife and the defendants Flora A. Kirk and Orville S. Cummins. Flora A. Kirk was the wife of Joseph H. Kirk. Orville S. Cummins was appointed administrator of the estate of W. H. Cummins, deceased; and the plaintiff was appointed administrator of the partnership estate of E. B. Posey and W. H. Cummins.

Orville S. Cummins as administrator commenced an action against the plaintiff and took personal property from him by writ of replevin. Judgment has not been rendered in that action. Orville S. Cummins as administrator commenced another action against the plaintiff and procured the appointment of a receiver, who took possession of all the stock and implements in which the plaintiff and the estate of W. H. Cummins were interested. The latter action was dismissed, and the receiver returned the property to the plaintiff. Joseph H. Kirk purchased from the widow of W. H. Cummins and from Orville S. Cummins their interest in the land. Joseph H. Kirk and Flora A. Kirk commenced an action of forcible detention to obtain possession of the land. That action, after judgment in the justice of the peace court, was appealed to the district court. While pending there, the lease expired. The action has not been disposed of. Joseph H. Kirk and Flora A. Kirk commenced an action against the plaintiff and in it caused the feed and grain on the land to be attached. The attachment was dissolved. These actions were all commenced within a short period of time.

The plaintiff commenced an action against Joseph H. Kirk, Flora A. Kirk, and Harley Bates to recover the damages sustained by the plaintiff in the attachment suit. The plaintiff commenced another action against Joseph H. Kirk, Orville S. Cummins personally, and Orville S. Cummins as administrator of the estate of W. H. Cummins, deceased, to recover the damages sustained by the plaintiff in the receivership suit. These actions were consoli-

dated in the district court and were tried together.  Three verdicts were rendered:  One against Flora A. Kirk for $323, one against Joseph H. Kirk for $923, and one against Joseph H. Kirk and Orville S. Cummins for $1,100.

Special questions were answered by the jury as follows:

"1. If you find from the evidence that the attachment was malicious, state what acts on the part of the defendants showed malice?  A. By bringing four law suits for the purpose of annoying Posey.

"2. (a) Did the defendants consult an attorney before causing the attachment to be levied?  A. Yes.

"(b) Did they act upon his advice in good faith, after telling him all of the facts in the case?  A. No.

"3. (a) Did the defendant Orville S. Cummins consult a reputable practicing attorney and tell him all the facts in connection with the business with the plaintiff E. B. Posey before commencing the action against E. B. Posey, in which a receiver was appointed?  A. No.

"(b) Did the attorney consulted by Orville S. Cummins advise the bringing of such action, and did Orville S. Cummins act on such advice in good faith in bringing said action?  A. No.

"4. (a) Did J. H. Kirk consult a reputable, practicing attorney before bringing any action against the plaintiff E. B. Posey?  A. Yes. .

"(b) Did the defendant J. H. Kirk state fully and fairly all the facts known in regard to the relations between himself and E. B. Posey to the attorney whom he consulted?  A. No.

"5. Did the defendant J. H. Kirk act on the advice of the attorney whom he consulted in bringing the action which he brought against the plaintiff E. B. Posey, in good faith?  A. No.

"6. Did the sheriff, either under the attachment or as a receiver, take any property belonging to the plaintiff E. B. Posey, or any property that did not belong to the partnership or to the estate of W. H. Cummins, deceased?  A. No.

"7. Did the defendant Flora A. Kirk conspire with any other defendant to injure the plaintiff by bringing suits against him?  A. No.

"8. Did the defendant J. H. Kirk conspire with any other defendant to injure and harass the plaintiff by bringing suits against him?  A. Yes.

"9. Was there a conspiracy between the defendants to bring actions against the plaintiff in Sumner County, Kansas, for the purpose of harassing and injuring the plaintiff and without any probable cause for such actions?  A. Yes.

"10. Were the suits brought by the defendants in Sumner County, Kansas, brought maliciously and without probable cause?  A. Yes.

"11. Did the defendants bring the suits in the District Court of Sumner County, Kansas, of which the plaintiff complains, because they believed that they had valid causes of action against the plaintiff and that such suits were necessary to obtain their rights?  A. No.

"12. Did the defendant Orville S. Cummins have anything to do with the bringing of the suit for the possession of the farm brought by the defendants, J. H. Kirk and Flora A. Kirk?  A. Yes.

Posey v. Kirk.

"13. Did the defendant Orville S. Cummins have anything to do with the bringing of the attachment suit to recover rents, brought by the defendants J. H. Kirk and Flora A. Kirk?   A. Yes.

"1. If you allow any actual damages in the attachment case, how much do you allow for:

"(a) The procuring and hauling of feed by plaintiff Posey.  A. $48.00.

"(b) Time spent by Posey in attending court, consulting with attorneys, etc.  A. $25.00.

"(c) For attorneys' fees.  A. $250.00.

"2. If you allow any punitive damages in the attachment case, how much do you allow:

"(a) Against defendant Joseph H. Kirk?   A. $600.

"(b) Against defendant Flora A. Kirk?   A. None.

"3. If you find actual damages for the plaintiff in the receivership case, how much do you allow:

"(a) For time spent by Posey in consulting attorneys,' attending court, etc?   A. $............

"(b) For attorneys' fees?   A. $250.00.

"(c) For loss of use of team of mules?   A. $200.00.

"(d) For damages and shrinkage to live stock while in the possession of the receiver?   A. $50.00.

"(e) For damage done to suckling calf?   A. None.

"(l) Do you allow all of the above items against both Cummins and Kirk? Answer 'Yes' or 'No.'   A. Yes.

"4. If you allow exemplary damages in the receivership case, how much do you allow, and against whom?  (a) The defendant Orville S. Cummins. A. $300.  (b) The defendant J. H. Kirk.  A. $300.

"5. Is it a fact, that in procuring the receiver, the defendants J. H. Kirk and Orville S. Cummins acted without probable cause and with malice? A. Yes.

"6. Did the defendant Orville S. Cummins know, or should he have known, that Posey was entitled to the possession of the stock and property which the receiver took possession of, when he filed the suit, until such time as the 'same was settled through the probate court?   A. Yes."

We cannot state the position of the appellants better than by quoting from their brief, as follows:

"During the trial of the present actions two principle defenses were urged, one being that the appellee was not the proper party to maintain the actions, and the other being that the plaintiff failed to prove any damage. It is these defenses which we particularly desire to urge on this appeal. Since the only property attached or taken by the receiver or the appellants was partnership property, any right of action for damages thereto was in the surviving partner as such, for the benefit of the partnership estate, and one partner could not recover damages for injuries to his share in the partnership estate, without showing what his interest in that estate was."

The appellants contend that the "appellee was not the proper

party plaintiff"; that "where a partnership is dissolved by the death of one of the partners the surviving partner is the proper party plaintiff in an action to recover damages for injuries to partnership property"; that "the only damages awarded to the appellee by the jury were damages which were sustained by the partnership estate, and not by the appellee individually"; that "one partner cannot recover damages, in an action brought by him for injuries to his share in the partnership property, without showing of what his interest herein consisted"; and that "the trial court erred [in] overruling defendant's demurrer to plaintiff's evidence; in refusing to give requested instructions numbers one and sixteen; in rendering judgment in favor of appellee and against appellants; in overruling defendant's motion for judgment on the special findings of the jury; and in overruling defendant's motions for new trials."

1. The actions commenced by the appellants against the plaintiff were prosecuted against him individually. The appellants are liable for the damage they did to him individually. They cannot say that they did not damage him when in the actions against him they compelled him to do those things that were necessary to protect his interest in the joint property of himself and W. H. Cummins, deceased. The appellants were claiming under W. H. Cummins as personal representatives, heirs, or successors. In actions against the plaintiff, they undertook to secure the possession of all the joint property of the plaintiff and W. H. Cummins. In that effort, they caused the plaintiff damage other than injury to the joint property. For that damage, the plaintiff obtained a judgment; and the appellants must pay.

2. The answers to the special questions submitted to the jury show that the verdict against Joseph H. Kirk and Orville S. Cummins for $1,100 included $200 for loss of the use of a team of mules and $50 for shrinkage of live stock while in the possession of the receiver. These sums were allowed because of injury to the partnership estate for which the plaintiff individually cannot recover. (*Railway Co. v. Hucklebridge*, 62 Kan. 506, 64 Pac. 58; *Sutton v. Railway Co.*, 104 Kan. 282, 284, 178 Pac. 418; *Moore v. Thompson*, 105 Kan. 492, 494, 184 Pac. 980.) The damage to partnership property must be recovered by the partnership estate. It follows that those items must be deducted from the judgment for $1,100.

It is therefore ordered that the trial court modify the judgment against Joseph H. Kirk and Orville S. Cummins by reducing it from $1,100 to $850; and, as thus modified, the entire judgment is affirmed.