No. 30,904

ROBERT GOETZ and ALBERT BURTSCHER, Partners doing business as DR. PEPPER BOTTLING COMPANY, *Appellees*, v. C. H. HOWLAND and CHARLES HOWLAND, Partners, doing business as THE COMMODORE POOL HALL, *Appellants*.

(30 P. 2d 101.)

Opinion filed March 10, 1934.

*Walter L. Bullock,* of Dodge City, for the appellants.

*W. C. Gould* and *George R. Gould,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover money. Judgment was for plaintiff. Defendant appeals.

The suit was filed against C. H. Howland and Charles Howland, partners, doing business as the Commodore Pool Hall. The petition alleged in the first place that they were partners. At the time of trial the court permitted an amendment by adding the words "or Charles Howland held himself out as a partner."

The bill sued on was for soft drinks furnished the pool hall by plaintiff. There is no dispute as to the indebtedness of the pool hall or as to the amount of the bill, nor is there any dispute as to the liability of C. H. Howland. The dispute is over the question of whether Charles Howland actually was a partner, or held himself out as a partner, of C. H. Howland. The case was tried to the court. The court found Charles Howland knew the plaintiffs were looking to him for payment of the account sued on during the time it was made and permitted the plaintiffs to extend credit under that belief. Judgment was rendered against both C. H. Howland and Charles Howland. Defendant Charles Howland appeals, and assigns as error that the evidence failed to show Charles Howland was a partner of C. H. Howland.

As to this point, it was not necessary that the evidence should show that Charles Howland was a partner if he held himself out as a partner. (See *Rizer & Co. v. James,* 26 Kan. 221.) There the court held:

"Where a person is held out as a member of a partnership with his own assent or connivance, he is responsible to every creditor or customer of the partnership for all its liabilities."

(See, also, 22 Am. St. Rep. 757 and the authorities there set out.)

In this case there was a wealth of evidence that one member of the plaintiff firm had talked to Charles Howland and solicited business; that Charles Howland on these occasions had spoken for the pool hall; had said "we own a pool hall in Dodge City"; had referred to the Commodore Pool Hall as "our pool hall." One of the partners of plaintiff testified he extended the credit to the pool hall only on the credit of Charles Howland. A Mr. DeHaven testified that Charles Howland hired him and sent him to Dodge City to work in the Commodore Pool Hall and that he stated "we own a pool hall in Dodge City." There is more evidence in the record, but we do not deem it necessary to detail it further in this opinion. Suffice it to say that we have concluded that there was ample evidence to sustain the finding of the trial court that has been heretofore quoted.

Defendant makes the further argument that there was no evidence that Robert Goetz and Albert Burtscher were partners. This point is raised for the first time in this court and for that reason could not be decisive in this case even if the contention of defendant were correct. An examination of the record discloses, however, that Robert Goetz testified he was one of the partners of the Dr. Pepper Bottling Company. This statement was uncontradicted. Under such circumstances we hold it was sufficient to establish the partnership.

The judgment of the trial court is affirmed.