No. 42,677

J. A. TUGGLE, *Appellee,* v. JOE C. JOHNSON, Defendant, JANE NAIL, Formerly Known As Carrol J. Johnson, *Appellant,* MARION BARLOW, d.b.a. The Barlow Agency, *Appellee.*

(375 P. 2d 622)

Opinion filed November 3, 1962.

*Jack A. Quinlan,* of Topeka, argued the cause, and *Myron L. Listrom* and *Elwaine F. Pomeroy,* of Topeka, were with him on the briefs for the appellant.

*John W. Brand, Jr.,* of Lawrence, argued the cause, and *Richard B. Stevens* and *John W. Brand,* of Lawrence, were with him on the brief for appellee J. A. Tuggle.

*D. S. Hults,* of Lawrence, argued the cause, and was on the brief for appellee Marion Barlow, d.b.a. The Barlow Agency.

The opinion of the court was delivered by

WERTZ, J.: This was an action for recovery of money, and to quiet title, and defendant Jane Nail appeals from an order of the trial court sustaining plaintiff's motion for judgment on the pleadings.

J. A. Tuggle, plaintiff (appellee), brought this action against defendants Joe C. Johnson, Jane Nail, formerly Carrol J. Johnson, appellant herein, and Marion A. Barlow, d. b. a. The Barlow Agency, alleging in pertinent part that plaintiff was the owner of certain described real estate, and that he entered into a written agreement with defendant Joe C. Johnson for the sale of real estate for a stated amount therein, of which $1,000 was earnest money escrowed with defendant Barlow. The agreement was made a part of the petition, and provided that plaintiff was to build and complete a dwelling house according to plans and specifications, and, on compliance with other provisions of the contract, defendant Joe C. Johnson was to pay the purchase price. In the event Johnson failed to perform his obligations under the terms of the agreement, he was to forfeit the escrow deposit.

The agreement further provided that Joe C. Johnson should not be obligated to complete the purchase of the property or incur any penalty or forfeiture of the earnest money deposited unless the plaintiff delivered to the purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than the stated amount, and that said contract should extend and be obligatory upon the heirs and assigns of the respective parties.

The petition then alleged that Joe C. Johnson neglected and refused to carry out the terms of the agreement; that plaintiff was willing to, and did, comply with the agreement; that The Barlow Agency had in its possession, as escrow agent, $1,000 earnest money; and that as a result of the default of Joe C. Johnson, the plaintiff is entitled to the $1,000 forfeiture money.

The petition further alleged that defendant Jane Nail, formerly Carrol J. Johnson, claimed some right, title or interest in the said agreement, but if she had any right or title it was inferior to the claim of the plaintiff; and further, that Jane Nail had no right, title or claim to the thousand dollars earnest money.

Plaintiff asked judgment against defendants for $1,000, and that defendants Joe C. Johnson, Jane Nail, formerly Carrol J. Johnson, and Marion A. Barlow be precluded from any right, title or interest in and to said $1,000 escrow earnest money.

Defendant Jane Nail filed her unverified answer and cross petition in which she denied all of the allegations of plaintiff's petition except as admitted. She admitted that the $1,000 was paid as

earnest money to the defendant Barlow, but specifically denied that the $1,000 earnest money was paid by defendant Joe C. Johnson and alleged that the same was paid by her. She further alleged that she was the actual purchaser of the property described in the petition, that she was entitled to the return of the $1,000 earnest money so deposited, and sought judgment against plaintiff and the other defendants for the $1,000.

Defendant Nail's cross petition against the plaintiff and the other two defendants contained the following allegations: That defendant Barlow was employed by, and the agent of, plaintiff Tuggle at all times mentioned; that defendant Barlow, acting as the agent of Tuggle, persuaded the answering defendant to purchase the property described in the contract; that she did agree to purchase it subject to her being able to obtain a standard FHA insured mortgage loan in the stated amount; that the plaintiff agreed to sell the said property to her under said terms and conditions; that the contract between Tuggle and Johnson was incomplete in that it did not show defendant Nail as a purchaser, it did not show that she paid the earnest money, and it did not contain the condition that the contract was subject to obtaining an FHA loan; that at the time the contract was signed defendant Nail protested that it was incomplete, but appellee advised that it was necessary for the contract to be written in this manner to obtain the necessary FHA financing; that at two later dates she paid Tuggle a total of $1,887.65 for extras included in said property, and that Tuggle permitted her to move into the property and charged her four months' rent totaling $520; that this answering defendant was unable to obtain the necessary FHA financing and, therefore, said contract should be canceled and set aside and held for naught; that the interest money deposit of $1,000 now held by the defendant Marion Barlow should be returned to this answering defendant; and the payment made by this answering defendant to the plaintiff in the total sum of $2,407.65 should be returned to this answering defendant.

The defendant Barlow answered admitting the execution of the written contract and the receipt of earnest money. By counterclaim he asked for an $875 real estate commission.

Plaintiff Tuggle joined issues by filing a reply to defendant Nail's answer and cross petition in which he specifically denied each and every averment contained in the answer and cross petition, and renewed his prayer for judgment in accordance with the petition.

Subsequently plaintiff filed his motion for judgment on the pleadings as against defendant Nail for the reason that the answer of defendant Nail raised no issue of fact for trial and failed to state any defense for plaintiff's cause of action as set forth in his petition.

From an order of the trial court sustaining this motion, defendant Nail has appealed.

Plaintiff, in justification of the trial court's ruling, contended that because the answer and cross petition of Nail was not verified she admitted the execution of the contract and all its contents, and, therefore, failed to state facts sufficient to constitute a defense or valid counterclaim. This contention was predicated on G. S. 1949, 60-729, which provides that in actions founded on a written instrument for the unconditional payment of money the answer must be verified. Assuming that a verification to the answer was necessary, we must consider that when the answer and cross petition was filed plaintiff did not challenge its sufficiency either by demurrer or motion, but chose to plead over by filing a reply denying the new matter and renewing the prayer of his petition. By pleading over, plaintiff waived lack of verification of the answer and cross petition. We stated in *Brandtjen & Kluge, Inc., v. Lucas*, 153 Kan. 138, 109 P. 2d 197:

"Where in an action in which an answer should ordinarily be verified as provided in the latter sentence of G. S. 1935, 60-729, the defendant files an unverified answer and cross petition, and the plaintiff does not challenge the sufficiency thereof either by demurrer, motion or otherwise, but pleads over by filing a reply putting in issue the new matter alleged and renewing the prayer of his petition, the plaintiff waives the lack of verification." (Syl. 3.)

See, also, *Schreiner v. Rothgarn*, 154 Kan. 20, 114 P. 2d 834; *Cook v. Donner*, 145 Kan. 674, 676, 677, 66 P. 2d 587; *Greensburg Production Credit Ass'n v. Buckner*, 152 Kan. 398, 103 P. 2d 881. The plaintiff, by filing the reply, waived the lack of verification in the answer and cross petition of Nail, and the motion for judgment on the pleadings should not have been sustained.

In his petition the plaintiff elected to make Jane Nail a party defendant and alleged that she had an interest or claimed some interest to the $1,000 escrow fund. In her answer and cross petition defendant Nail denied plaintiff's claim, set up her interest, and alleged that she had deposited the $1,000 and was entitled to it. Certainly the pleadings, as joined, raised issuable facts. Ordinarily a motion for judgment on the pleadings invokes the judgment of the trial court on questions of law as applied to the pleaded and conceded facts.

A judgment on the pleadings is rendered not because of lack of evidence or proof but because of lack of issue of fact. If there is no issue of material fact presented by the pleadings, then it becomes a question of law as to which party is entitled to judgment; but, if a material issue of fact is presented and remains undetermined, a judgment on the pleadings is improper. This court has repeatedly held that a motion for judgment on the pleadings should be denied where the petition states a cause of action, the answer states a defense, and the reply denies every material allegation of the answer inconsistent with the allegations of the petition. Such a motion cannot be sustained when issues of fact upon which a valid judgment might be based are joined by the pleadings. (*Manning v. Woods, Inc.*, 182 Kan. 640, 642, 324 P. 2d 136, and cases cited therein.) See, also, *Dearborn Motors Credit Corporation v. Neel*, 184 Kan. 437, 337 P. 2d 992; *Clark Lumber Co. v. Passig*, 184 Kan. 667, 339 P. 2d 280; and *Young v. Barker*, 185 Kan. 246, 250, 342 P. 2d 150.

In view of what has been said, the judgment of the trial court is reversed and the cause is remanded with directions to set aside the order sustaining plaintiff's motion for judgment on the pleadings and proceed with the trial.

It is so ordered.