No. 43,283

GROSSHANS & PETERSEN, INC., a Corporation, *Appellee*, v. TOM GIVENS, *Defendant*, and W. O. HOMER, d/b/a PLAZA DEVELOPMENT COMPANY, a Partnership, *Appellant*.

(383 P. 2d 959)

Opinion filed July 10, 1963.

*Robert A. Schermerhorn*, of Junction City, argued the cause, and *C. L. Hoover* and *William R. King*, both of Junction City, were with him on the brief for the appellant.

*Howard Harper*, of Junction City, argued the cause, and *Robert F. Galloway* and *Edward F. Wiegers*, both of Marysville, and *Lee Hornbaker*, *Richard F. Waters* and *Bob Abbott*, all of Junction City, were with him on on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action in which plaintiff sought recovery in the amount of $7,461.34 against defendants Givens and Homer, doing business as Plaza Development Company, a partnership, for material, services and the use of construction machinery and equipment furnished by plaintiff to the alleged partnership. The petition was in the usual form and, among other things, alleged the partnership of defendants.

We are advised that defendant Givens filed no pleadings, and he is not a party to this appeal.

Defendant Homer filed an answer in the form of a general denial, and specifically denied that he and Givens were partners during the period in question or at any time subsequent thereto.

As abstracted, it appears that the answer was not verified. (See G. S. 1949, 60-729.)

Notwithstanding the unverified answer, plaintiff pleaded over by filing a reply, thus leaving in the case the issue as to the existence of the alleged partnership. (See *Livingston v. Lewis*, 109 Kan.

298, syl. 1, 198 Pac. 952, and *Tuggle v. Johnson,* 190 Kan. 386, syl. 1, 375 P. 2d 622.)

A pre-trial conference was had at which ten written exhibits were offered and admitted. These exhibits will not be discussed in detail and it is sufficient to say they consisted of written contracts, agreements and letters executed and entered into by the parties in the course of their real-estate development projects, and each of which clearly indicated the partnership between Givens and Homer, as contended by plaintiff. The amount of the debt alleged by plaintiff to be due from the Plaza Development Company, and for which suit was brought, was admitted to be correct. A pre-trial order was made to the effect that whether the Plaza Development Company was a partnership between defendants Givens and Homer was a mixed question of law and fact, and, there being no dispute concerning the mentioned pre-trial exhibits, defendant Homer's request for a trial by jury was denied.

Following a trial of the action the court rendered judgment for plaintiff against defendants Givens and Homer as partners, doing business as the Plaza Development Company, in the amount heretofore mentioned. Special findings and conclusions were made, and we quote two of them:

"10. The Court is of the opinion that in the various instances where Mr. W. O. Homer represented himself to be a partner that he was not merely holding himself out as such but was speaking the truth and was in truth and in fact at all such times an actual partner. The Court further determined that the actual contract of partnership between W. O. Homer and Tom Givens, d/b/a Plaza Development Company, may be found in the mutual acts and conduct of the parties, and the Court so finds.

"11. All of the admissions, statements, and exhibits as admitted in the pre-trial are hereby made a part of these findings and conclusions by reference.

"The Court is impelled to conclude that W. O. Homer and Tom Givens were in fact partners d/b/a Plaza Development Company, and that the merchandise, materials and equipment furnished to this partnership by plaintiff having a value of $7,461.34 is a debt of this partnership, and that judgment should be rendered herein against W. O. Homer and Tom Givens as partners, d/b/a Plaza Development Company, for this sum together with interest at six percent per annum from August 16, 1956, being the date of the last credit on this account."

Judgment was entered accordingly, and defendant Homer has appealed.

As heretofore stated, it was admitted the amount sued for was owed by Plaza Development Company to plaintiff. The only ques-

tion thus remaining in the case was whether Givens and Homer were partners doing business in that name. The trial court found that they were, and in this appeal the principal question raised by Homer is whether he was entitled to a trial by a jury on the question of partnership, under G. S. 1949, 60-2903, which provides that:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

One of the obvious purposes of the statute is to guarantee to a litigant the right to a trial by jury when there is a dispute as to the *facts* concerning a claimed indebtedness. The general rule is that the issues raised by the pleadings determine the nature of the action, and where the issue is essentially one justiciable at common law a jury trial may be demanded as a matter of right. (*Nusz v. Nusz*, 155 Kan. 699, 127 P. 2d 441.)

Standing alone, the issues raised by the pleadings in this case fall within the classification calling for a trial by jury—if demanded. The matter, however, does not end there. At the pre-trial conference it was admitted by defendant Homer that the amount sued for was correct and was owed to plaintiff by the Plaza Development Company. This concession removed that issue from the case —leaving only the question whether Homer was a partner in the company.

Generally speaking the question as to the existence of partnership relations is a mixed question of law and of fact. What constitutes a partnership is a question of law and must be decided by the court. The existence or nonexistence of the facts necessary to bring the relation within the rule of partnership is a question of fact for the jury. On the other hand, where the facts in the case are undisputed, or are susceptible of only one inference, the question whether a partnership exists between particular persons is one of law for the court. (68 C. J. S., Partnership, §§ 24b and 59 pp. 444 and 484; 40 Am. Jur., Partnership, § 87, p. 190.)

The execution and existence of the written instruments received at the pre-trial conference were neither disputed nor denied. Several of them were executed and signed by Givens and Homer as *partners*, doing business as the Plaza Development Company. In

fact, from the record presented, there was very little, if anything, remaining to be "tried." The instruments were completely unambiguous and presented purely a question of law as to their construction, rather than questions of fact for a jury. In the two cases relied upon by defendant Homer—*Stalker v. DeWitt,* 142 Kan. 709, 51 P. 2d 1012, and *Johnson v. Jones,* 6 Kan. App. 755, 50 Pac. 983—the question of the right to a trial by jury was not an issue. Under the record presented in the case before us it was not error to deny defendant's request for a trial by jury.

We agree with the two above-quoted findings and conclusions of the trial court. It is clear that a correct decision was reached in this case, and the judgment is affirmed.