No. 47,071

JOHN E. CRAIG and RAYMOND L. CARNEY, d/b/a CARNEY & CRAIG CONSTRUCTION Co., *Appellees*, v. JOHN A. HAMILTON, *Appellant.*

(518 P. 2d 539)

Opinion filed January 26, 1974.

*Larry L. Kopke,* of Larry L. Kopke Law Offices, of Great Bend, argued the cause, and *Kenneth C. Havner,* of the same firm, was with him on the brief for the appellant.

*Brock R. McPherson,* of Law Offices of Brock R. McPherson, of Great Bend, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: Defendant John A. Hamilton appeals from trial court's decision limiting his rights upon dissolution of a partnership to 10% of the profits rather than equal participation as one of three general partners.

John E. Craig, Raymond L. Carney, and John A. Hamilton, all of Great Bend, Kansas, entered into a general partnership agreement April 21, 1970, to operate Carney & Craig Construction Company. The partners soon disagreed over the division of profits and orally agreed to dissolve the partnership on February 24, 1971. Craig and

Carney drew up a dissolution agreement declaring the partnership dissolved as of February 28, 1971, and incorporating therein their interpretation of Hamilton's rights to profits under their agreement. Hamilton disagreed with the terms and refused to sign it. Craig and Carney filed suit April 15, 1971, praying for a declaratory judgment, interpretation of the partnership agreement, determination of the rights of the parties thereunder, and dissolution of the partnership. Hamilton answered, denying he was entitled only to 10% of the profits and counter-claiming he was entitled to a full one-third share of the partnership profits upon dissolution. On May 18, 1971, plaintiffs tendered payment of defendant's capital and interest and 10% of the profits into court.

On August 25, 1971, defendant moved the court for an order dissolving the partnership, for an audit, for investment at interest of the $21,097.58 tendered by plaintiffs, and for a pretrial hearing on the issues. The court heard evidence and argument on that motion on October 1, 1971, and immediately ordered investment of the funds tendered, taking the other issues under advisement. The court adopted plaintiffs' interpretation of the partnership agreement based upon the evidence and argument on the motion, declared the partnership dissolved by mutual agreement as of February 28, 1971, and limited defendant's share of the partnership profits to 10% from April 21, 1970, to date of dissolution. Defendant filed a motion for amendment of findings, amendment of judgment, or in the alternative, a new trial, contending the court construed the agreement and terminated his rights without allowing him an opportunity to produce evidence of intent of the parties to the agreement. This motion was denied and defendant appeals.

The basic dispute of the parties is whether, upon dissolution of the partnership, defendant Hamilton is entitled to one-third or 10% of the profits. The share of each partner in profits and losses is described in Paragraph 7 of the agreement by reference to the contribution each made to the assets at the commencement of the partnership:

"7. The interests of the respective parties hereto in the business and property of said firm is in proportion to the contributions to the partnership as set out in Paragraph Four above; ninety percent (90%) of all profits, if any, are to remain in said partnership and used to expand operations as shall be agreed upon by the parties; ten percent (10%) of all profits, if any, are to be paid annually to the third party [Hamilton] as long as third party maintains the capital contribution as set out in Paragraph Four above; all losses, if any, are to be shared

between the parties in proportion to their contributions to the partnership as set out in Paragraph Four above;"

Their respective contribution's are described in Paragraph 4 of the partnership agreement:

"4. The said partners have contributed to the partnership in the following proportions to-wit: John E. Craig, party of the first part, equipment, technical knowledge, skill, and experience in the proportion of 50%, Raymond L. Carney, party of the second part, equipment, technical knowledge, skill, and experience in the proportion of 50% and John A. Hamilton, party of the third part, the sum of $20,000.00 cash to commence the business; the said capital to be used and employed in carrying on the business and it is agreed that the sum actually contributed by the party of the third part shall bear interest at the rate of six percent (6%) per annum;"

Paragraph 15 sets forth the division of profits in the event one of the partners retires, dies or is otherwise incapacitated:

"15. The value of the interest of a retiring, deceased or insane partner, as of the date of dissolution, shall be the sum of:

"(a) Any earned and unpaid salary due him;

"(b) His proportionate share of the accrued net profits;

"(c) His capital account.

"If a net loss has been accrued to the date of dissolution, his share of such loss shall be deducted."

Defendant contends the agreement is ambiguous and raises questions of fact which can only be decided by parol evidence of the circumstances surrounding the making of the agreement and the intentions of the parties to the agreement. He asserts the court prematurely determined his right to profits, never having heard evidence on the issue of intent.

The interpretation of a written contract, free from ambiguity is a judicial function and does not require oral testimony to determine its meaning. (*Morgan v. Wheeler,* 150 Kan. 667, 95 P. 2d 320; *Maltby v. Sumner,* 169 Kan. 417, 219 P. 2d 395.) Defendant is entitled to present parol evidence only if the contract is in fact ambiguous. The record herein does not disclose affirmatively that the trial court ruled the contract was free from ambiguity, but its ruling denying any need for trial on the issue of intent of the parties to the agreement indicates the trial court was of the opinion the contract was unambiguous. Since the contract is in writing, this court has the same opportunity as did the trial court to determine the question of ambiguity. (*Klema v. Soukup,* 175 Kan. 775, 267 P. 2d 501; *Palmer v. Johnson,* 132 Kan. 161, 294 Pac. 874.) After careful examination of the partnership agreement it is our opinion the agreement is

ambiguous on the issue of division of profits upon dissolution of the partnership. Paragraph 4 discloses Craig and Carney each contributed 50% of the equipment, skills, and experience brought into the firm. The agreement does not state the correlation between the right to profits and the contribution of equipment and skills or the right to profits and the contribution of $20,000.00 cash. Neither law nor custom exalts one type of contribution above another. One partner may put up skill and service as against the money or property provided by the other and be entitled to share equally in the profits of the partnership. (*State v. Williams,* 196 Kan. 274, 411 P. 2d 591; *Moore v. Thompson,* 105 Kan. 492, 184 Pac. 980.)

The attempt in Paragraph 7 to limit Hamilton's liability for losses to the proportion of his contribution is ambiguous for the same reason as is his entitlement to profits. While the facts might suggest the existence of a limited partnership, all parties throughout the proceeding have conceded the existence of a general partnership, the agreement specifies it is a general partnership, and nowhere in the record is there any suggestion that the partnership was established in compliance with K. S. A. 1972 Supp. 56-122, *et seq.* Without meeting statutory requirements for a limited partnership, it is doubtful that Hamilton's liability for debts and losses of the partnership could be limited as to third persons. (*Goetz v. Howland,* 139 Kan. 1, 30 P. 2d 101; *Phillip Van Heusen, Inc. v. Korn,* 204 Kan. 172, 460 P. 2d 549.)

There is also evidence of modification of the original agreement subsequent to its execution. Only plaintiffs drew a monthly salary even though all were entitled to salary under the terms of the agreement. Evidence of modification of the agreement must be heard if it is to be construed to reflect the intent of the parties.

The only evidentiary hearing held was not concerned with the basic issue of intent of the parties and construction of the agreement. The evidence presented at the hearing on defendant's motion of August 25, 1971, concerned ancillary issues before the court: *i. e.,* defendant's request for an order dissolving the partnership; defendant's request for a court-ordered unrestricted audit of the partnership; defendant's request that the money tendered by plaintiffs for his interest in the partnership be invested at interest; and defendant's motion for pretrial conference. No evidence was before the court upon the issue of whether the partners intended an equal sharing by defendant in profits or an unequal division of profits. We agree with defendant that he has not had his day in court on the issue of

intent. Evidence on the issue of intent and facts surrounding the making of the agreement is necessary to determine the meaning of the ambiguous contract and the rights of the parties thereunder. The percentage of profits defendant is entitled to is a matter the trial court must determine after hearing evidence on that issue.

The date defendant's right to a percentage of partnership profits terminated was not before the court, but nonetheless was determined to be the date of dissolution. The question of the date upon which the partnership was dissolved was squarely before the trial court on the pleadings, evidence and arguments of counsel heard on defendant's motion. The dissolution of a partnership is the change in the relationship of the partners caused by any partner ceasing to be associated in carrying on the business. The evidence contained in the record supports that portion of the trial court's decision which declared the partnership dissolved as of February 28, 1971. The trial court failed, however, to differentiate between dissolution of the partnership and termination of defendant's rights in partnership affairs. As previously stated, dissolution occurs at the point when the partners cease to seek business as a partnership; but the rights and obligations of the partners do not cease until all affairs of the partnership are liquidated or satisfactorily transferred to another entity.

Defendant contends the trial court erred in terminating his interest and rights to profits of the partnership as of the date of dissolution. We must agree with defendant on this point. The nature of the construction business is such that the date or occurrence upon which defendant's rights to share in profits earned by his capital, as well as his responsibility for losses to third parties, may extend beyond the date of dissolution and even beyond the date his capital account was paid into court. The issue of date of termination of his interest in and right to profits was not squarely before the court on the motion heard and, along with construction of the agreement and determination of the percentage of profits defendant is entitled to, was prematurely decided by the trial court. Date of termination of defendant's partnership affairs is an issue to be decided and evidence should be heard on this point. We call attention to our decision in *Collins v. Merrick*, 202 Kan. 276, 448 P. 2d 1, which held the right of a partner to share in profits resulting from a continuance of partnership business after dissolution is founded on the use which has been made of the partner's interest

in the assets and capital of the firm in earning the subsequent profits. Absent specific agreement otherwise, we feel this law should govern.

Defendant also asserts he is entitled to a jury trial on the issues as requested by him as part of his answer and counter-claim. We cannot agree with that contention because equitable relief was prayed for by all parties. Interpretation of the contract, accounting, and dissolution of the partnership are not appropriate issues for jury fact-finding. Although Kansas has long since combined suits in equity and actions at law into one form of action, some of the ancient distinctions persist, one being the absence of right to a jury trial on issues traditionally the province of courts of equity. A litigant's right to a jury trial guaranteed by Section 5 of the Bill of Rights of the Constitution of the State of Kansas refers to that right as it existed at common law. (*Duggins v. Board of County Commissioners*, 179 Kan. 101, 293 P. 2d 258; *Grosshans & Petersen, Inc. v. Givens*, 191 Kan. 650, 383 P. 2d 959.) The issues raised by the pleadings or as modified by pretrial order determine the nature of the action, and where the issue is not one justiciable at common law, a jury trial is not available.

The case is, therefore, reversed and remanded for a new trial in accordance with the views expressed herein.